Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| CARMELO OCASIO GARCÍA<br><br>RECURRIDO<br><br>v.<br><br>LUMBER EXPRESS, LLC Y OTROS<br>**DANIELA ABBO**<br>PETICIONARIA | TA2025CE00393 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.<br>BY2024CV006254<br><br>Sobre:<br>Fraude de Acreedores |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de octubre de 2025.

### I.

El 2 de septiembre de 2025, la señora Daniela Abbo (señora Abbo o peticionaria) presentó una *Petición de Certiorari* en la que solicitó que revoquemos una *Resolución* emitida y notificada digitalmente el 1 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario).[1] En el aludido dictamen, el TPI declaró No Ha Lugar una *Moción Conjunta en Solicitud de Desestimación* presentada por varios demandados, incluyendo a la peticionaria.

El 4 de septiembre de 2025, emitimos una *Resolución* en la que concedimos al señor Carmelo Ocasio García (señor Ocasio García o recurrido), hasta el 12 de septiembre para exponer su posición sobre los méritos del recurso.

En cumplimiento con lo ordenado, el 12 de septiembre de 2025, el recurrido presentó su *Oposición a Expedición del Auto de*

---

[1] Véase Entrada Núm. 51 del expediente digital del caso en el Sistema Unificado de Manejo y Administración del Caso (SUMAC) del TPI.

*Certiorari,* en la que sostuvo que el TPI no abusó de su discreción al denegar la moción dispositiva instada por la señora Abbo. Consecuentemente, suplicó que deneguemos la expedición del auto de *certiorari.*

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes a la atención de la petición de *certiorari.*

**II.**

El caso de marras tuvo su génesis el 17 de octubre de 2024, cuando el señor Ocasio García presentó una demanda sobre fraude de acreedores contra Madelux International, Inc. (Madelux); Gabriel Revai (señor Revai), su esposa, la señora Abbo y la Sociedad Legal De Gananciales compuesta por ambos, y otros.[2] En esta, señaló que el 5 de febrero de 2016, instó una reclamación contra las partes antes señaladas, por despido injustificado, la cual recibió el alfanumérico D PE2016-0199. Arguyó que sobre dicha reclamación, había obtenido una sentencia a su favor, en la cual el TPI condenó a Madelux y al señor Revai al pago $562,238.36 por concepto de la Ley Núm. 80 de 1976. Según enmendada, 29 LPRA secs. 185ª *et seq.,* y otra suma adicional de $70,279.80 por concepto de honorarios de abogado. Arguyó que, tras múltiples trámites procesales que incluyeron la presentación de recursos ante esta Curia apelativa y el Tribunal Supremo de Puerto Rico, la sentencia advino final y firme.

Así las cosas, manifestó que el 24 de noviembre de 2020, requirió a Madelux y al señor Revai el pago de la sentencia. No obstante, adujo que estos hicieron caso omiso a su requerimiento. Ante ello, indicó que procedió a solicitar la ejecución de sentencia

---

[2] Véase, Entrada Núm. 1 en SUMAC-TPI.

ante el foro primario. Arguyó que, el 21 de enero de 2021, el TPI expidió un *Mandato de Embargo en Ejecución de Sentencia.*

El señor Ocasio García manifestó que, tras llevar a cabo varias gestiones como parte de la ejecución de la sentencia, tomó conocimiento de que Madelux y el señor Revai estaban realizando movimientos de traspaso y ocultación de bienes, con la intención de que no pudiese cobrar la sentencia emitida por el TPI. En su escrito, detalló las actividades llevadas a cabo por Madelux y el señor Revai que, a su entender, constituían fraude de acreedores.

Por todo lo anterior, el recurrido solicitó que se declarara la nulidad de todas las transacciones realizadas por las partes demandadas o, en la alternativa, la rescisión de cualquier acto realizado por estas, en fraude de acreedores.

Tras varios trámites procesales, el 15 de mayo de 2025, varias de las partes demandadas, incluyendo al señor Revai, la señora Abbo y la Sociedad Legal De Gananciales compuesta por ambos, presentaron una *Moción Conjunta en Solicitud de Desestimación.*[3] A través de esta, solicitaron la desestimación de la *Demanda* por dejar de exponer una reclamación que justificara la concesión de un remedio, de conformidad a la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5). En lo pertinente al asunto ante nuestra consideración, informaron que la señora Abbo y el señor Revai habían contraído matrimonio bajo el régimen económico de absoluta separación de bienes, y así surgía de la Escritura de Capitulaciones Matrimoniales Núm. 3, otorgada por ellos ante la notario Alexandra Reyes Sánchez, el 9 de julio de 2021. Ante ello, señalaron que la demanda no contenía una causa de acción válida contra la señora Abbo. Precisaron que las alegaciones incluidas en la demanda no justificaban la concesión de un remedio en lo que respecta a la

---

[3] Véase, Entrada Núm. 41 en SUMAC-TPI.

peticionaria. Consecuentemente, solicitaron la desestimación con perjuicio de la demanda, en contra la señora Abbo.

El 30 de junio de 2025, el señor Ocasio García presentó una *Oposición a Moción conjunta en solicitud de desestimación.*[4] En esencia, alegó que el asunto de las capitulaciones matrimoniales no debía ser dilucidado mediante una moción de desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra.* En apoyo a su argumento, detalló que la existencia de una escritura de capitulaciones matrimoniales no impedía que se llevara a cabo el descubrimiento de prueba, a los fines de conocer su alcance, eficacia y validez. Así, sostuvo que no procedía la desestimación del pleito contra la señora Abbo.

El 1 de agosto de 2025, el foro primario emitió una *Resolución* en la cual declaró No Ha Lugar la moción dispositiva antes reseñada.[5] En síntesis, el TPI acogió los argumentos del señor Ocasio García y concluyó que, tomando como ciertas las alegaciones de la demanda, se constituía una reclamación válida. Añadió que las partes debían llevar a cabo su descubrimiento de prueba.

Inconforme, el 12 de septiembre de 2025, la peticionaria recurrió ante este Tribunal mediante el recurso de epígrafe en el que le imputó al TPI la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al no desestimar la demanda en contra de la Sra. Daniela Abbo y permitir que continúen los procedimientos contra ella y contra una sociedad de bienes gananciales inexistente y expresamente rechazada y renunciada por la Sra. Abbo y su esposo, Sr. Daniel Revai en escritura pública de capitulaciones matrimoniales.

Es su posición que procedía la desestimación del pleito en su contra. Reiteró que las capitulaciones matrimoniales otorgadas con el señor Revai rechazan la Sociedad de Bienes Gananciales y declara una total separación de bienes y obligaciones. Añadió que no podía

---

[4] Véase, Entrada Núm. 47 en SUMAC-TPI.
[5] Véase, Entrada Núm. 51 en SUMAC-TPI.

ser responsable por la *Sentencia* dictada en contra del señor Revai, toda vez que no fue objeto de la demanda, y tampoco estaba casada al momento de los hechos.

Por su parte, el 12 de septiembre de 2025, el señor Ocasio García presentó su oposición. En esta, sostiene que el foro primario no abusó de su discreción al denegar la moción dispositiva, por lo que solicita que se deniegue la expedición del auto de *certiorari*.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. supra, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 59-60, 215 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[6]

---

[6] Esta Regla dispone lo siguiente:
El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004); ***Banco Metropolitano v. Berríos***, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". ***Citibank et al. v. ACBI et al.***, 200 DPR 724, 735 (2018); ***García López y otro v. E.L.A.***, 185 DPR 371, 394 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". ***Citibank et al. v. ACBI et al.***, supra; ***Medina Nazario v. McNeil Healthcare LLC***, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". ***Hietel v. PRTC***, 182 DPR 451, 459 (2011); ***Pueblo v. Rivera Santiago***, 176 DPR 559, 580 (2009); ***Negrón v. Srio. de Justicia***, 154 DPR 79, 91 (2001); ***Bco. Popular de P.R. v. Mun. de Aguadilla***, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". ***Citibank et al. v. ACBI et al.***, supra. Cónsono con ello, es norma reiterada que este

---

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". ***Citibank et al. v. ACBI et al.***, supra, pág. 736. Véase, además, ***Trans-Oceanic Life Ins. v. Oracle Corp.***, 184 DPR 689, 709 (2012); ***Lluch v. España Service Sta.***, 117 DPR 729, 745 (1986).

### B.

La Regla 10.2 de Procedimiento Civil, *supra*, permite que un demandado solicite del tribunal la desestimación de la demanda presentada en su contra, antes de contestar o por medio de la misma contestación a la demanda, bajo los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. ***Blassino Alvarado v. Reyes Blassino***, 214 DPR 823, 833 (2024); ***Cobra Acquisitions v. Mun. Yabucoa et al.***, 210 DPR 384, 396 (2022).

Además, la precitada regla dispone que si en una moción de desestimación fundamentada en la Regla 10.2(5) de Procedimiento Civil, *supra*, se exponen materias no contenidas en la alegación impugnada, y el tribunal no las excluye, la moción debe considerarse como una solicitud de sentencia sumaria. En ese caso, estará sujeta a todos los trámites ulteriores provistos por la Regla 36 de Procedimiento Civil, *supra*, hasta su resolución final y todas las partes deberán tener oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha Regla. Regla 10.2 de Procedimiento Civil, *supra*.

No obstante, "siempre que surja, por indicación de las partes o de algún otro modo, que el tribunal carece de jurisdicción sobre la materia, éste desestimará el pleito". Regla 10.8 (c) de Procedimiento Civil, *supra*, R. 10.8 (c); ***González v. Mayagüez Resort & Casino***, 176 DPR 848, 855 (2009). Según lo anterior, se puede desestimar una reclamación por tratarse de la jurisdicción de una agencia administrativa o de la esfera federal, y, por lo tanto, bajo la Regla 10.8 (c) de Procedimiento Civil, *supra*, se les ordena a los tribunales estatales a desestimar la reclamación cuando surge ausencia de jurisdicción sobre la materia ante el foro aludido. ***González v. Mayagüez Resort & Casino***, supra.

## C.

La Regla 23.1 de Procedimiento Civil, *supra*, R. 23.1, regula el amplio alcance que poseen las partes en el descubrimiento de prueba, el cual se permite sobre cualquier materia no privilegiada que sea pertinente al caso en controversia.

En esencia, el descubrimiento de prueba es el mecanismo disponible para que las partes obtengan hechos, documentos y otras cosas que están en poder de la otra o que son del exclusivo conocimiento de esta y son necesarias para hacer valer sus derechos. ***McNeil Healthcare v. Mun. Las Piedras II,*** 206 DPR 659, 672 (2021), citando a I. Rivera García, *Diccionario de términos jurídicos*, 3ra ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70. Como mecanismo, responde al principio básico de que las partes tienen derecho a descubrir, previo al juicio, toda la información relacionada con su caso, independientemente de quién la posea. ***Rivera y otros v. Bco. Popular***, 152 DPR 140, 152 (2000). Por eso, las normas que lo gobiernan tienen como propósito: (1) precisar los asuntos en controversia; (2) obtener evidencia para utilizarla en el juicio, y así evitar sorpresas en esa etapa de los procedimientos; (3) facilitar la búsqueda de la verdad; y (4) perpetuar la evidencia. Íd.

Nuestro más alto foro ha resuelto que el descubrimiento de prueba ha de ser amplio y liberal, lo cual es valioso y necesario porque su buen uso acelera los procedimientos, propicia las transacciones, evita las sorpresas indeseables en el juicio en su fondo y permite flexibilidad y cooperación entre las partes. (Citas omitidas). *McNeil Healthcare v. Mun. Las Piedras II,* supra, págs. 672-673; *Vicenti v. Saldaña,* 157 DPR 37, 54 (2002); *Rivera y Otros v. Bco. Popular*, supra, pág. 153; *Lluch v. España Service Sta.,* supra, pág. 743; *Sierra v. Tribunal Superior,* 81 DPR 554, 560 (1959). Cónsono con ello, los foros primarios tienen amplia discreción para regularlo, mientras que los foros apelativos no deben intervenir con esa discreción, a menos que medie prejuicio, parcialidad o error manifiesto en la aplicación de normas procesales o sustantivas. *McNeil Healthcare v. Mun. Las Piedras II,* supra, pág. 672; *Rivera y otros v. Bco. Popular,* supra, págs. 153-154.

De la mano con esta amplia discreción, también se ha reconocido que el esquema establecido por la referida regla delega a los representantes legales de las partes el trámite del descubrimiento de prueba, en aras de fomentar la flexibilidad y limitar la intervención del foro primario. *Rivera y otros v. Bco. Popular,* supra, pág. 153.

Ahora bien, lo anterior no significa que el alcance del descubrimiento de prueba sea ilimitado. El foro primario tiene la facultad para modificar los términos o concluir el descubrimiento de prueba según las particularidades del caso. *Rivera y otros v. Bco. Popular,* supra, pág. 154. Dentro de esa facultad, deben balancear el interés de garantizar la pronta resolución de las controversias y el de velar que las partes tengan la oportunidad de realizar un descubrimiento amplio. Íd., págs. 154-155; *Lluch v. España Service Sta.,* supra, págs. 742-743. Asimismo, este mecanismo debe tener finalidad para evitar la dilación innecesaria de los

procesos y para proteger a las partes de gastos o molestias indebidas. Íd. esc. 6 y 7.

**IV.**

En el presente caso, la señora Abbo solicita que revoquemos una *Resolución* en la que el foro primario rechazó desestimar la causa de acción sobre fraude de acreedores en su contra. En su recurso, la peticionaria insiste en que las capitulaciones matrimoniales pactadas entre ella y el señor Revai establecen una total separación de bienes y obligaciones, por lo que no es deudora de la *Sentencia* dictada en contra de su esposo.

Por su parte, el señor Ocasio Pérez sostiene que no procede la desestimación, toda vez que se debe llevar a cabo un descubrimiento de prueba para determinar la validez de las capitulaciones matrimoniales pactadas entre la señora Abbo y el señor Revai.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora discrecional y rechazar intervenir con la determinación del TPI. La determinación recurrida no arroja error alguno que amerite nuestra intervención en esta etapa de los procedimientos.

Adviértase que una demanda solo puede ser desestimada cuando surge claramente que la parte promovente de la causa de acción no tiene derecho a remedio alguno al amparo del estado de derecho vigente. La normativa jurídica prevaleciente dispone que, a menos que la demanda carezca de todo mérito posible, no procede desestimar las reclamaciones sin el beneficio de que se lleve a cabo un amplio ejercicio de los mecanismos de descubrimiento de prueba. J. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 3.ºed.rev., Ponce, Ed. Nomos, S.A., 2023, pág. 143 (citando a ***Banco Central v. Capitol Plaza,*** 135 DPR 760 (1994). Además, debemos

recordar que es norma firmemente establecida que el foro primario goza de amplia discreción para regular el descubrimiento de prueba, y los foros apelativos no debemos intervenir a menos que medie prejuicio, parcialidad o error manifiesto en la aplicación de normas procesales o sustantivas. ***McNeil Healthcare v. Mun. Las Piedras II,*** supra; ***Rivera y otros v. Bco. Popular,*** supra, págs. 153-154.

En el caso de marras, no surge del expediente que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción. La determinación del foro primario es esencialmente correcta en derecho, pues fue realizada dentro del ámbito de su discreción para el manejo del caso.

**V.**

Por los fundamentos pormenorizados, se deniega la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones